UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
ANN RUSSO,

                Plaintiff,

  -against-

SCISIVE CONSULTING, INC. d/b/a       **MEMORANDUM AND ORDER**
BIONEST PARTNERS, BIONEST            Case No. 13-CV-4737 (FB) (MDG)
PARTNERS, and ROBERT EASTON,
ALAIN GILBERT, CATHERINE
STAUGHTON ELLIOT, MARY KOTO,
OLIVER LESUEUR, and SEAN HU, as
aiders and abettors,

                Defendants.
------------------------------------------------------x

*Appearances:*
| For the Plaintiff: | For the Defendants: |
|---|---|
| SAUL D. ZABELL, ESQ. | BRUCE MENKEN, ESQ. |
| Zabell & Associates, P.C. | Beranbaum Menken LLP |
| 1 Corporate Drive, Suite 103 | 80 Pine Street, 33rd Floor |
| Bohemia, NY 11716 | New York, NY 10005 |

**BLOCK, Senior District Judge:**

      On March 26, 2015, the Court held oral argument on Defendants' motion for summary judgment. For the reasons stated below and on the record in open court, Defendants' motion is granted in part and denied in part.

      Defendants maintain that Plaintiff Ann Russo's ("Russo") Age Discrimination in Employment Act ("ADEA") claim should be dismissed because Scisive was not an "employer" in either 2012 or 2013. *See* 29 U.S.C. § 630(b) ("The term 'employer' means a person engaged in an industry affecting commerce who has twenty or more

employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."). In response, Russo lists twenty-three individuals "associated with [Scisive] in 2012 and 2013."[1] Pl. Mem. of Law at 4. While Defendants argue that Russo has provided insufficient evidence that some of these individuals were Scisive employees, review of Scisive's 2013 New York state withholding records reveals six additional individuals not included on Russo's list. Drawing all inferences from the evidence in Russo's favor, there is a triable issue of fact regarding whether Scisive was an "employer" under the ADEA in 2013.

Material issues of fact also preclude summary judgment on whether Scisive discriminated against Russo on the basis of her age in violation of the ADEA and New York State Executive Law ("NYSHRL") § 296. While Defendants have articulated nondiscriminatory reasons for Russo's (1) 2011 compensation and (2) 2013 termination, there are triable issues of fact regarding whether these reasons were pretextual. For example, Russo contends that Mary Koto ("Koto") – a partner with influence over compensation – told her only a month after she received notice of her 2011 raise and bonus that she had reached a point in her career where she could not expect pay increases like younger staff members. *See Tomassi v. Insignia Fin. Grp. Inc.*, 478 F.3d 111, 115 (2d Cir. 2007) ("[T]he closer the remark's relation to the

---

[1] Russo does not dispute that Scisive employed less than twenty employees prior to its acquisition of Bionest on December 12, 2012.

2

allegedly discriminatory behavior, the more probative that remark will be."). Viewing this evidence in the light most favorable to Russo, a reasonable juror could find that she received a lesser raise and bonus in 2011 because of her age.

There is also evidence that Scisive hired Laura Leece ("Leece") – a woman in her 40s – to perform Russo's former job duties four months after she was fired. This evidence casts doubt on Defendants' contention that the addition of Valerie Meunier after the Bionest merger rendered Russo's position redundant. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000) ("[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated."). Moreover, while Scisive maintains that it did not rehire Russo for Leece's position because she deleted three months of emails from Scisive's computer system after she was fired, Russo denies ever doing so. Accordingly, summary judgment on Russo's age discrimination claims is denied.

Defendants further move to dismiss Russo's NYSHRL § 296(6) aiding and abetting claims against the individual Defendants. Russo has produced evidence of Koto's connection to Scisive's allegedly discriminatory compensation structure. Furthermore, Defendants concede that Robert Easton, Alain Gilbert, Koto and Catherine Staughton Elliot voted to terminate Russo's employment. Consequently,

summary judgment is denied as to the aiding and abetting claims against these defendants. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 754 (1998) ("[A] defendant who actually participates in the conduct giving rise to a discrimination claim may be held personally liable under [§ 296(6)]."). However, because Russo has not presented any evidence that either Oliver Lesueur or Sean Hu participated in discriminatory conduct her aiding and abetting claims against them are dismissed.

**SO ORDERED.**

<u>Frederic Block</u>
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 26, 2015